**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
EDWIN EDDIE BERRIOS,            :
                               :
      Petitioner,              :
                               :
v.                             :
                               : Civil No. 3:24-cv-00803(AWT)
ANGEL QUIROS,                  :
                               :
      Respondent.              :
                               :
-------------------------------x
```

**RULING ON MOTION TO DISMISS**
**PETITION FOR WRIT OF HABEAS CORPUS**

The pro se petitioner, Edwin Eddie Berrios, who is an
inmate currently confined at Brooklyn Correctional Institute in
Brooklyn, Connecticut, brings this action for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254. Respondent Angel Quiros
moves to dismiss the petition. For the reasons set forth below,
the motion to dismiss is being granted.

**I.   BACKGROUND**

On July 13, 2022, the petitioner entered into an agreement
with the state and pleaded guilty to a charge of burglary in the
first degree in violation of Connecticut General Statutes § 53a-
101(a)(2). After sentencing, the trial court denied post-
conviction motions filed by the petitioner. The petitioner
appealed the denial to the Connecticut Appellate Court.

The opinion of the Connecticut Appellate Court contains the following summary of the facts:

> The following facts and procedural history are relevant to this appeal. The defendant was arrested in May, 2019, following an incident in which he entered an unlocked apartment in Danbury and attempted to take a small safe. During the incident, the resident of the apartment returned home, confronted the defendant, and eventually overpowered him. At that point, the resident was able to call the police, who arrested the defendant at the scene. He subsequently was charged, under Docket No. 19-0159665-S, with one count each of burglary in the first degree in violation of General Statutes § 53a-101(a)(2), robbery in the third degree in violation of General Statutes § 53a-136(a), assault in the third degree in violation of General Statutes § 53a-61(a)(1), attempt to commit larceny in the sixth degree in violation of General Statutes §§ 53a-49 and 53a-125b, and criminal mischief in the third degree in violation of General Statutes § 53a-117(a)(1).

> The jury found the defendant guilty of assault in the third degree and not guilty of criminal mischief in the third degree. The jury was unable to reach a unanimous verdict with respect to the remaining charges, and the court declared a mistrial as to those counts. The state subsequently filed a long form information under a new criminal docket number, Docket No. 19-0159665-A, charging the defendant with burglary in the first degree, burglary in the second degree, and robbery in the third degree. The state also filed a part B information charging the defendant with being a persistent felony offender.

> On July 13, 2022, the defendant entered into an agreement with the state and pleaded guilty to the charge of burglary in the first degree as a persistent felony offender. The court canvassed the defendant and found that his plea was "entered knowingly and voluntarily with the assistance of competent counsel." The court accepted the defendant's plea and sentenced him in accordance with the plea agreement. On the charge of burglary in the first degree as a persistent felony offender, the court imposed a sentence of twenty-five years of incarceration, execution suspended after five years, followed by five years of probation. The state entered a nolle prosequi on each of the remaining charges.

Nearly three months after his sentencing, the defendant
filed the first of several postsentencing motions that are
at issue in this appeal. Specifically, those motions
included a motion to vacate for lack of subject matter
jurisdiction filed on October 7, 2022; a motion to vacate
for lack of subject matter jurisdiction filed on October
17, 2022; an amended motion to vacate for lack of subject
matter jurisdiction filed on October 17, 2022; and a motion
to reverse and dismiss for lack of subject matter
jurisdiction filed on December 16, 2022. In those motions,
the defendant argued that the state was precluded from
prosecuting him again on the burglary in the first degree
charge for a number of reasons, mainly, on double jeopardy
grounds.

On March 23, 2023, the court, Stango, J., heard arguments
on all four of the defendant's motions. After the court
addressed two unrelated motions, it turned to the motions
to dismiss and/or vacate at issue in this appeal and asked
the defendant if he wanted to vacate his guilty plea, to
which the defendant initially replied that he did not and,
instead, wanted to have the information reversed or
dismissed as defective. The court then explained that "the
first step in that would be having the guilty pleas
vacated. . . . ." The defendant replied that he "should not
have [pleaded] guilty."

State v. Berrios, 224 Conn. App. 827, 830-33 (2024).

The Connecticut Appellate Court framed the issue before it

as follows:

[T]he defendant challenges the trial court's judgment
denying his postsentencing motions and raises a number of
arguments in support of his claim that the state was
precluded from seeking to prosecute him again for burglary
in the first degree following the mistrial on that count.

Id. at 829.

"In its appellate brief, the state argue[d] that, despite

the various titles of the defendant's motions, they all were, in

substance, motions to withdraw his plea of guilty to the

burglary charge." Id. at 836. The Appellate Court concluded: "In light of the colloquy at the March 23, 2023 hearing and the arguments raised in the motions, we agree with the state and treat the motions as such." Id.

The Appellate Court then found that "because the defendant in the present case already had begun serving his sentence, the trial court did not have jurisdiction to consider his postsentencing motions seeking, in effect, a withdrawal of his guilty plea." Id. at 837. Consequently, the Appellate Court held that "the [trial] court should have dismissed, rather than denied, the defendant's postsentencing motions." Id. at 838.

The petitioner did not seek leave to appeal to the Connecticut Supreme Court by filing a petition for certification pursuant to Connecticut Practice Book § 84-1.

With respect to the relief requested here by the petitioner, the Petition states:

> Petitioner asks that the Court grant the following relief: Decide these U.S. Double Jeopardy 5th Amendment violation claims for lack of subject matter jurisdiction, and/or reverse and dismiss the Burglary 1st charge of 25 years suspended after 5 years with 5 years probation that was imposed on 7-13-2022 without jurisdiction, and/or release this defendant on an "implied acquittal."

Pet. (ECF No. 1) at 5.

## II.  LEGAL STANDARD

"District courts review a motion to dismiss a petition for writ of habeas corpus according to the same principles as a

motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6)." Marra v. Cook, No. 3:18-cv-389 (SRU), 2019 WL 4246927, at *1 (D. Conn. Sept. 6, 2019)(citing Purdy v. Bennett, 214 F. Supp. 2d 348, 353 (S.D.N.Y. 2002)).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken . . . ." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993). The court may take judicial notice of "public records, including complaints filed in state court, in deciding a motion to dismiss." Blue Tree Hotels Inv. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2004).

When considering the sufficiency of the allegations in a pro se petition, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers . . . ." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996). The court should interpret the pro se petition "to raise the strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III.  DISCUSSION

The instant petition must be dismissed because the petitioner failed to exhaust his remedies in state court.

Moreover, even if the petitioner were able to exhaust his remedies in state court, his petition should be denied on the merits.

### A. **Exhaustion of State Court Remedies**

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Id. "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [] the applicant has exhausted the remedies available in the courts of the State".).

The petitioner does not dispute that he did not exhaust his remedies in state court. See Pet. (ECF No. 1) at 2 ("I did not seek review by a higher state court. I did not file a

petition for certiorari in the U.S. Supreme Court."). Rather, the petitioner argues that he was excused from doing so because an exception to the exhaustion doctrine is applicable in this case.

"An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). See 28 U.S.C. § 2254(b)(1)(B)("There is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant.").

The petitioner contends that there are "circumstances [that] exist that render such process ineffective to protect the rights of the applicant." Pet'r's Opp'n (ECF No. 17) at 2. He argues that the state corrective process is deficient for a combination of reasons. None of those reasons is persuasive.

The petitioner argues as follows:

. . . [T]he state has audio of the Petitioner telling the district court that "this is a claim for lack of subject matter," "I don't want to withdraw my plea." I can't properly exhaust State remedies with my Federal question, with the altered transcripts. This is not fair. The United States Supreme Court set-up a process to protect the Double Jeopardy rights to all which required immediate action with interlocutory appeals and the last resort would be a federal writ to challenge any future judgment. Instead of providing this process, there is a strong signal that exists that all the people in this district were intentionally trying to prosecute and punish the petitioner twice. Let's be real, the Trial Judge knew that

> an implied acquittal was involved. The Prosecutor knew he
> could file bogus charges because the public defender's
> office won't do nothing. These circumstances are a serious
> malfunction, especially when you don't release someone
> after an acquittal. This is not ordinary error correction
> through appeal.

Id. at 2-3.

As an initial matter, the petitioner did have available to him a state corrective process. The petitioner had twenty days after the April 16, 2024 judgment to petition the Connecticut Supreme Court pursuant to Connecticut Practice Book § 84-4. Moreover, notwithstanding the fact that he missed the filing deadline, the petitioner can seek permission to file a late petition in the Connecticut Supreme Court. In Janulawicz v. Commissioner of Correction, 310 Conn. 265 (2013), the Connecticut Supreme Court explained:

> [I]t bears emphasis that the petitioner's failure to
> comply with the rules of practice does not deprive this
> court of subject matter jurisdiction to consider an
> untimely petition for certification to appeal from the
> Appellate Court's judgement. Because the twenty day time
> limitation on appeals to this court imposed by the rules
> of practice is not subject matter jurisdictional, we have
> discretion to hear a late appeal.

Id. at 272. (internal quotation marks and citations omitted).

See also, Connecticut Practice Book § 84-7 ("Extension of Time").

Thus, a petitioner has not exhausted his state court remedies when he can seek to file a late appeal or petition for review but has failed to do so. See Henderson v. Armstrong, No.

- 8 -

3:98CV1031 (SRU) (HBF), 2000 WL 1825401, at *1 (D. Conn. Nov. 30, 2000)("Henderson exhausted his state court remedies by attempting to file a late appeal . . . ."); <u>Jones v. Boynton</u>, No. 2:08-cv-215, 2008 WL 4682577, at *1 (W.D. Mich. Oct. 22, 2008)("Petitioner is not barred from filing an application to file a late appeal . . . . Because Petitioner has not exhausted his available state court remedies, the petition will be dismissed."); <u>U.S. ex rel. Hill v. Gramley</u>, No. 98 C 5452, 1999 WL 984395 at *1 (N.D. Ill. Oct. 22, 1999)("Illinois Supreme Court denied Hill permission to file a late petition for leave to directly appeal his conviction, which exhausted the direct appeals process in Hill's case."); <u>Lembke v. Field</u>, 380 F.2d 383, 384 (9th Cir. 1967)("The district court in denying appellant's petition for a writ relied upon the fact that appellant had not exhausted his available state remedies . . . in that appellant might still petition the California courts for permission to file a late notice of appeal . . . ."); <u>Verdugo v. Nelson</u>, 310 F. Supp. 377, 379 (C.D. Cal. Mar. 17, 1970) ("Consequently, Petitioner has not exhausted his available State remedies because he might be able to file a late appeal in the California Court of Appeal.").

　　　One of the contentions with which the petitioner supports his position is that transcripts were altered. He appears to contend that although he stated he did not want to withdraw his

guilty plea, the transcripts were altered to state that he told
the trial judge in state court that he wanted to withdraw his
plea. However, the record contradicts this contention. The
Appellate Court's decision makes explicit reference to the fact
that when he was asked if he wanted to vacate his guilty plea,
the petitioner initially replied that he did not want to do so,
and then, when the court explained the situation to him, the
petitioner replied that he should not have pleaded guilty. See
State v. Berrios, 224 Conn. App. 827, 833 (2024). The court then
concluded that his motions were, in substance, motions to
withdraw his guilty plea and that the court would treat the
motions as such. See id. at 836. Thus, the petitioner has not
made any showing that any transcript was altered.

The petitioner also contends that people were
intentionally trying to prosecute him twice, that the trial
court was wrong in not recognizing that the petitioner had been
acquitted on the first-degree burglary charge, and that the
prosecutor knew that he could file bogus charges because the
public defender's office would not protect the petitioner's
rights. He refers to these circumstances as a "serious
malfunction." Pet'r's Opp'n (ECF No. 17) at 3. However, "[t]he
fact that the petitioner does not trust the state courts is not
a sufficient reason to excuse exhaustion of his claim." Argiros

v. Torres, No. 3:09 cv 1088(AWT), 2010 WL 2377111, at *2 (D. Conn. June 10, 2010).

Therefore, the petitioner has failed to exhaust his remedies in state court and no exception applies in this case.

### B.  <u>The Petition Should be Denied on the Merits</u>

"An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of an applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. §2254(b)(2). "Although the Second Circuit has not established a standard for determining when an unexhausted claim may be dismissed on the merits, many district courts have chosen to deny unexhausted claims that are patently frivolous." <u>Despres v. Comm'r of Correction</u>, No. 3:20-cv-929 (SRU), 2021 WL 2634450, at *12 (D. Conn. June 25, 2021) (internal quotation marks and citations omitted).

The Double Jeopardy Clause provides that "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. To decide if two charged crimes are the same offense for purposes of double jeopardy, the court applies the "same elements test" set forth in <u>Blockburger v. United States</u>, 284 U.S. 299 (1932).

In <u>Blockburger</u>, the court held that "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be

applied to determine whether there are two offenses or only one,
is whether each provision requires proof of a fact which the
other does not." Id. at 304.

Here, the petitioner asserts that he was charged "[w]ith a
greater and lesser included offense. . . . On July 1, 2021,
there was no unanimous verdict on the greater offense and a
guilty verdict on the lesser offense." Pet'r's Opp'n (ECF No.
17) at 1. As supporting facts for the petitioner's double
jeopardy claim, the Petition states in pertinent part:

> There was a verdict on July 1, 2021 of Assault 3rd and a
> hung jury on Burglary 1st. The "EXACT" info given to jury
> was: Element of Assault 3rd is Edwin Berrios intent to
> cause physical injury to A--O P---S. The third Element of
> Burglary 1st degree was: Edwin Berrios intentionally and
> knowingly, inflicted or attempted to inflict bodily injury
> on A--O P---S.

Pet. (ECF No. 1) at 2.

The elements of the offense of assault in the third degree
are as follows:

> A person is guilty of assault in the third degree when: (1)
> With intent to cause physical injury to another person, he
> causes such injury to such person or to a third person; or
> (2) he recklessly causes serious physical injury to another
> person; or (3) with criminal negligence, he causes physical
> injury to another person by means of a deadly weapon, a
> dangerous instrument or an electronic defense weapon.

Conn. Gen. Stat. § 53a-61(a).

The elements of the offense of burglary in the first degree
are as follows:

A person is guilty of burglary in the first degree when (1)
such person enters or remains unlawfully in a building with
intent to commit a crime therein and is armed with
explosives or a deadly weapon or dangerous instrument, or
(2) such person enters or remains unlawfully in a building
with intent to commit a crime therein and, in the course of
committing the offense, intentionally, knowingly or
recklessly inflicts or attempts to inflict bodily injury on
anyone, or (3) such person enters or remains unlawfully in
a dwelling at night with intent to commit a crime therein.

Conn. Gen. Stat. § 53a-101(a).

Here, the petitioner has inverted the Blockburger test,
which requires determining whether each crime requires proof of
a fact that the other does not. The petitioner is arguing that
his rights under the Double Jeopardy Clause were violated
because the offense of assault in the third degree and burglary
in the first degree have an element in common. That is the
reverse of determining whether one of these offenses requires
proof of a fact which the other does not.

Because the argument on which the petitioner bases his
claim that his rights under the Double Jeopardy Clause were
violated is based on a clear misreading of Blockburger, the
petitioner's claim is patently frivolous and should be denied.

## IV.  CONCLUSION

For the reasons set forth above, the respondents' motion to
dismiss (ECF No. 12) is hereby GRANTED, and the Petition as
amended (ECF Nos. 1 and 15) is hereby DENIED.

It is so ordered.

Dated this 2nd day of August 2024, at Hartford,

Connecticut.

/s/AWT

_____

Alvin W. Thompson
United States District Judge